The majority concludes that "[i]t is apparent that the sentence, 'The fact-finder shall not reduce any future damages to present value,' contained in § 6-11-3 and in § 6-11-5 does take away from the jury a factfinding function (when a jury is the factfinder) that was within the province of the jury at the time of the ratification of the Constitution of 1901."
In Alabama State Federation of Labor v. McAdory, 246 Ala. 1,18 So.2d 810 (1944), this Court set out the rule that guides courts when reviewing the constitutionality of an act of the legislature:
 "At the outset reference may be made, as is often done, to the principles by which courts are guided when it is sought to strike down as violative of the constitution a legislative act. Uniformly, the courts recognize that this power is a delicate one, and to be used with great caution. It should be borne in mind, also, that legislative power is not derived either from the state or federal constitutions. These instruments are only limitations upon the power. Apart from limitations imposed by these fundamental *Page 202 
charters of government, the power of the legislature has no bounds and is as plenary as that of the British Parliament. It follows that, in passing upon the constitutionality of a legislative act, the courts uniformly approach the question with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of the government. All these principles are embraced in the simple statement that it is the recognized duty of the court to sustain the act unless it is clear beyond reasonable doubt that it is violative of the fundamental law. State ex rel. Wilkinson v. Murphy, 237 Ala. 332, 186 So. 487, 121 A.L.R. 283.
 "Another principle which is recognized with practical unanimity, and leading to the same end, is that the courts do not hold statutes invalid because they think there are elements therein which are violative of natural justice or in conflict with the court's notions of natural, social, or political rights of the citizen, not guaranteed by the constitution itself. Nor even if the courts think the act is harsh or in some degree unfair, and presents chances for abuse, or is of doubtful propriety. All of these questions of propriety, wisdom, necessity, utility, and expedience are held exclusively for the legislative bodies, and are matters with which the courts have no concern. This principle is embraced within the simple statement that the only question for the court to decide is one of power, not of expediency or wisdom. 11 Am.Jur. pp. 799-812; A.F. of L. v. Reilly, District Court of Colorado, 7 Labor Cases No. 61, 761."
246 Ala. at 9, 18 So.2d at 814-15. (Emphasis added.)
I cannot agree that § 11 of the Alabama Constitution, which states that the right to trial by jury shall remain inviolate, limits the power of the legislature to deal with future damages for lost wages by providing for the structuring of those damages.
I recognize that juries had been permitted to assess damages for lost wages prior to the adoption of the 1901 Constitution, and I recognize that the framers of our Constitution intended to preserve the right of trial by jury, but I can find no support for the proposition that the right to trial by jury that § 11 declares inviolate applies to anything other than the principles that there must be 12 persons on the jury, that the jury must be impartial, and that the verdict of the jury must be unanimous.
Future damages are at best somewhat speculative, and I cannot believe that the legislature, vested with plenary power, is limited by any provision of the Constitution to deal with the recovery of future damages as it has in the act under review; consequently, I must respectfully dissent.